# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **FLOYD O. HUNT, JR.,** )<br>)<br>Petitioner, ) | Case No. 7:21CV00534 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **RICK WHITE,** ) | JUDGE JAMES P. JONES |
| ) | |
| Respondent. ) | |

*Floyd O. Hunt, Jr., Pro Se Petitioner; Matthew P. Dullaghan, Senior Assistant Attorney General,* OFFICE OF THE ATTORNEY GENERAL, *Richmond, Virginia, for Respondent.*

Petitioner Floyd O. Hunt, a Virginia inmate proceeding pro se, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his life sentences imposed in 2017 for rape and other related felonies. Respondent has filed a Motion to Dismiss, to which Hunt has responded. Upon review of the record, I find that Hunt's petition is untimely, and I will grant the Respondent's Motion to Dismiss.

I.

On October 6, 2016, Pittsylvania County sheriff's deputies arrested Hunt in the home of WS, the victim, and charged Hunt with burglary, rape, forcible sodomy, and abduction. Following a preliminary hearing, the matter was certified to the grand jury, which ultimately indicted Hunt on February 21, 2017, for abduction of

WS with intent to defile in violation of Va. Code Ann. § 18.2-48(II), four counts of forcibly raping WS in violation of § 18.2-61, two counts of forcible sodomy against WS in violation of § 18.2-67.1, animate object sexual penetration of WS in violation of § 18.2-67.2, armed statutory burglary, statutory burglary, and attempted statutory burglary, all in violation of § 18.2-91, grand larceny in violation of § 18.2-95, and third-offense petty larceny in violation of § 18.2-104.

Represented by counsel, Hunt was tried before a jury on March 20 and 21, 2017. The jury returned verdicts of guilty on three counts of rape, two counts of sodomy, animate object sexual penetration, and abduction with intent to defile. The jury found Hunt not guilty on all burglary and larceny charges and on one rape charge. R. at 86–98.[1]

Hunt's appeal to the Court of Appeals of Virginia was denied on June 14, 2018, and his petition for rehearing was denied on October 15, 2018. The Supreme Court of Virginia refused his further appeal on August 30, 2019. He did not petition the United States Supreme Court for certiorari review.

While his direct appeal in the Supreme Court of Virginia was pending, Hunt filed a petition for actual innocence in the Court of Appeals of Virginia on March 21, 2019. The court dismissed that petition on June 13, 2019, before the Supreme

---

[1] Citations are to the Pittsylvania County Circuit Court record in *Commonwealth v. Hunt,* Nos. CR16000965, -966, -967, CR17000056, -57, -58, and -60, at the page numbers typed in the lower right corner of each page.

Court of Virginia had acted on the direct appeal. Hunt did not appeal the denial of his petition for actual innocence.

On June 9, 2020, Hunt filed a state petition for habeas corpus in the Circuit Court for Pittsylvania County. The Circuit Court dismissed the habeas petition on January 4, 2021. Hunt did not appeal that decision. However, on May 26, 2021, Hunt filed another habeas corpus petition in the Supreme Court of Virginia. The Court dismissed that petition as untimely on August 30, 2021.

Hunt's current petition was received in the prison mailroom for mailing to this court on October 12, 2021. Pet. Envelope, ECF No. 1 at 33.

II.

As applicable to this case, the law imposes a one-year statute of limitations on federal habeas corpus petitions. That year runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Further, the time during which "a properly filed application for State post-conviction or other collateral review" is pending in state court does not count towards the one-year limit. 28 U.S.C. § 2244(d)(2).

The Supreme Court of Virginia refused Hunt's direct appeal on August 30, 2019. Hunt had 90 days thereafter in which to petition the United States Supreme Court. The 90 days expired on November 28, 2019, at which time direct review

concluded and his judgment of conviction became final. The one year statute of limitations began running on that date. Hunt's petition for habeas corpus, timely filed in the Circuit Court on or about June 9, 2020, according to state court online records, tolled the statute of limitations, or stopped the clock from running. At that time, 194 days of the one-year limit had already run, leaving 171 days remaining at the conclusion of the state post-conviction proceedings. *See Harris v. Hutchinson*, 209 F.3d at 325, 328 (4th Cir. 2000). Respondent gives Hunt the benefit of the doubt that the state petition was filed on April 22, 2020, which would mean that 146 days had run, with 219 days remaining on the limitation.

The Circuit Court dismissed Hunt's petition on January 4, 2021.[2] Hunt had 30 days in which to appeal to the Supreme Court of Virginia, but he elected not to do so. That 30 day window expired on February 3, 2021. The remaining federal statute of limitations began running on that date, ending on Saturday, July 24, 2021, if there were 171 days remaining, or on September 10, 2021, if there were 219 days remaining. Hunt did not file his federal petition until October 12, 2021, well past both dates. The question thus becomes whether there is any other ground to toll the statute of limitations.

---

[2] In Respondent's brief, the date is referred to as January 14, 2021, and in his reply brief, Hunt used the same date. The date on the order, however, is January 4, 2021. Resp't's Br. Ex. D at 16, ECF No. 12-4. The state court online records also show a final dismissal order entered on that date.

Hunt asserts that his petition is timely filed because his "second state habeas was 'properly' filed" with the Supreme Court of Virginia on May 26, 2021, and the time from May 26 until August 30, 2021, should have tolled the statute again. Pet. Reply Br. 3, ECF No. 18. Hunt misapprehends the law on this point. The Supreme Court of Virginia dismissed the habeas as untimely, having been filed more than two years after the final judgment of the trial court on June 29, 2017, and more than one year after final disposition of his direct appeals in state court on August 30, 2019. Va. Code Ann. § 8.01-654(A)(2). The tolling provisions of 28 U.S.C. § 2244 apply only to federal habeas petitions; Virginia has its own tolling statute, Virginia Code § 8.01-229. Pendency of a previous habeas decision, decided by the court, is not grounds for tolling the state statute of limitations. Indeed, there would be no reason for an earlier habeas petition to toll the statute of limitations, because successive petitions for habeas in Virginia are more narrowly limited than those in federal court. *See* Va. Code Ann. § 8.01-654(B)(2); *Dorsey v. Angelone*, 544 S.E.2d 350, 353 (Va. 2001) (Koontz, J., dissenting).

Because Hunt's second petition was untimely under state law, as determined by the Supreme Court of Virginia, it was not "properly filed" as required by 28 U.S.C. § 2244(d)(2). *Artuz v. Bennett*, 531 U.S. 4, 8, 11 (2000). "When a postconviction petition is untimely under state law, that is the end of the matter" for purposes of the tolling statute; an untimely petition under state law does not toll the

5

federal habeas statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 413–414 (2005) (internal quotes and citation omitted).

The Respondent has raised the possibility of the statute of limitations being tolled by Hunt's actual innocence petition filed in the Court of Appeals of Virginia. While a petition for actual innocence can be construed as within the category of postconviction review, under the facts of the present case, it affords Hunt no relief. The actual innocence petition was filed while his direct appeal was pending, and the actual innocence petition was denied before his direct appeal concluded. Accordingly, the statute of limitations had not started running, so there was nothing to toll. *Cf. Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled). Hunt still had his full year to file a federal petition after his direct appeals concluded.

Hunt makes no claim for equitable tolling of the statute of limitations. A petitioner is entitled to equitable tolling only if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way to prevent timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Hunt has not alleged any extraordinary circumstances, nor are any apparent from the record. Specifically, misunderstanding how to calculate the statute of limitations is not an

extraordinary circumstance, as a *pro se* prisoner's lack of legal knowledge does not warrant equitable tolling. *Earl v. Fabian*, 556 F.3d 717, 724 (8th Cir. 2009).

Finally, Hunt argues for application of the actual innocence exception to avoid miscarriage of justice. Actual innocence by itself has not been accepted as grounds for habeas relief. *Herrera v. Collins*, 506 U.S. 390, 400 (1993). However, if a prisoner presents evidence of innocence so strong that a court "cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error," then that evidence of actual innocence can serve as a "gateway" through which a petitioner may argue an otherwise untimely or defaulted constitutional claim. *Schlup v. Delo*, 513 U.S. 298, 316 (1995). To establish entitlement to this gateway, a prisoner must introduce new credible evidence which, when considered along with all available evidence (admissible or inadmissible), persuades the court that, more likely than not, no reasonable juror would have found guilt beyond a reasonable doubt in the absence of constitutional error. *Id.* at 328.

To be credible, the new evidence must be reliable, such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial and was not known by or reasonably ascertainable by the defendant at the time of trial. *Id.* at 324. Hunt has offered no new evidence, reliable or otherwise, to support his claim of actual innocence. Accordingly, the

miscarriage of justice or actual innocence exception does not save his untimely petition.

III.

For the reasons stated, I will grant the Respondent's Motion to Dismiss the petition as untimely.

I decline to issue a certificate of appealability because Hunt has not made a substantial showing of the denial of a constitutional right and reasonable jurists would not find the court's procedural ruling to be debatable or wrong.

A separate Final Order will be entered herewith.

DATED: September 28, 2022

/s/ JAMES P. JONES  
Senior United States District Judge